CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Proposed Counsel for Collavino Construction Company Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
COLLAVINO CONSTRUCTION                                     :    Case No. 15- 10344
COMPANY LIMITED,                                           :
                                                           :
                           Debtor.                         :
                                                           :
-----------------------------------------------------------x

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER
AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION
OF THE DEBTOR'S CHAPTER 11 CASE WITH THE PENDING
<u>CHAPTER 11 CASE OF COLLAVINO CONSTRUCTION COMPANY INC.</u>**

Collavino Construction Company Limited (the "Debtor"), by and through its proposed attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as <u>Exhibit "A"</u>, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) authorizing and directing the joint administration of the Debtor's chapter 11 case with the pending chapter 11 case of affiliated debtor Collavino Construction Company Inc. ("CCCI" and, together with the Debtor, the "Joint Debtors") for procedural purposes only, and (b) providing any additional relief required in order to effectuate the foregoing. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015.

## BACKGROUND

3. On October 17, 2014, CCCI filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. *See In re Collavino Construction Company Inc.*, Case No. 14-12908 (SCC).

4. On February 18, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

5. The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Southern District of New York in this chapter 11 case.

7. Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Renzo Collavino pursuant to Local Bankruptcy Rule 1007-2 (the "Collavino Affidavit"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Collavino Affidavit and incorporated herein by reference.

**RELIEF REQUESTED**

8.  By this Motion, the Debtor seeks entry of an order directing the joint administration of its chapter 11 bankruptcy case with the pending chapter 11 bankruptcy case of CCCI.

9.  The Debtor also requests that the caption of the Joint Debtors' cases be modified to reflect the joint administration of the cases substantially as follows:

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
COLLAVINO CONSTRUCTION COMPANY INC.       :   Case No. 14-12908 (SCC)
COLLAVINO CONSTRUCTION COMPANY            :   Case No. 15-
LIMITED,                                  :
                    Debtors.              :   (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

10.  Finally, the Debtor requests that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Joint Debtors' estates.

**BASIS FOR RELIEF REQUESTED**

11.  Bankruptcy Rule 1015(b) provides for the joint administration of the estates of a debtor and its affiliates, stating in relevant part as follows:

> If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates.

FED. R. BANKR. P. 1015(b).

12.  CCCI is the wholly owned subsidiary of the Debtor, such that CCCI and the Debtor constitute "affiliates" of one another within the meaning of 11 U.S.C. § 101(2). Section

3

101(2) of the Bankruptcy Code defines "affiliates" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting shares of the debtor". 11 U.S.C. §101(2)(A), (B). Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that the Debtor wholly owns CCCI, and vice versa.

13. The Collavino Affidavit, filed simultaneously herewith, establishes that joint administration of these cases (a) is warranted because the Joint Debtors' financial affairs are closely related, and (b) will avoid an unnecessary administrative burden on the Court and parties-in-interest in these cases. The failure to administer these cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Joint Debtors, the Clerk of this Court, creditors, and other parties-in-interest in these chapter 11 cases.

14. Joint administration will permit the Clerk of this Court to use a single general docket for the Joint Debtors' cases and to combine notices to creditors and other parties-in-interest of the Joint Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such parties-in-interest in each of the Joint Debtors' respective cases will be apprised of the various matters before the Court in each of the cases.

15. The rights of the respective creditors of each of the Joint Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party-in-interest will maintain claims or rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the efficiencies and reductions in costs resulting from joint administration. The Court also will be relieved of the

burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these cases by the Office of the United States Trustee also will be simplified.

## **NOTICE**

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) creditors holding the twenty (20) largest unsecured claims as set forth in the Debtor's petition; and (c) all parties requesting notice in CCCI's chapter 11 case pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit "A", granting the relief requested herein and such other and further relief as is just and proper.

Dated: Garden City, New York
February 18, 2015

CULLEN AND DYKMAN LLP

By: */s/ C. Nathan Dee*
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY  11530
(516) 357-3700

Proposed Counsel for the Debtor

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                          :

In re:                                         :          Chapter 11
                                                   :
COLLAVINO CONSTRUCTION         :          Case No. 15-
COMPANY LIMITED,                    :
                                                 :
                    Debtor.          :
                                                 :
-------------------------------------------------------------x

**ORDER AUTHORIZING AND DIRECTING THE JOINT
ADMINISTRATION OF THE DEBTOR'S CHAPTER 11 CASE WITH THE
PENDING CHAPTER 11 CASE OF COLLAVINO CONSTRUCTION COMPANY INC.**

Upon the motion (the "Motion")[1] filed by Collavino Construction Company Limited, the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) authorizing and directing the joint administration of the Debtor's chapter 11 case with the pending chapter 11 case of affiliated debtor Collavino Construction Company Inc. ("CCCI" and, together with the Debtor, the "Joint Debtors") for procedural purposes only, and (b) providing any additional relief required in order to effectuate the foregoing; the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

THEREFORE, IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not defined herein have meanings ascribed to them in the Motion.

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Rule 1015(b), the above-captioned chapter 11 case is hereby jointly administered by this Court with the pending chapter 11 bankruptcy case of *In re Collavino Construction Company Inc.* (Case No. 14-12908 (SCC)).

3. The caption of the Joint Debtors' jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
COLLAVINO CONSTRUCTION COMPANY INC.                              : Case No. 14-12908 (SCC)
COLLAVINO CONSTRUCTION COMPANY                                   : Case No. 15-
LIMITED,                                                         :
              Debtors.                                           : (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

4. The Debtors are authorized to use a combined service list for the jointly administered cases and combined notices shall be sent to creditors of the Debtors' estates.

5. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases, and this Order shall be without prejudice to the rights of the Joint Debtors to seek entry of an order substantively consolidating their respective cases.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2015
        New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

2