UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                      :

In re:                                                    :     Chapter 11

COLLAVINO CONSTRUCTION COMPANY     :     Case No. 15-10344 (SCC)
LIMITED

          Debtor.

-------------------------------------------------------------------x

**INTERIM ORDER (A) AUTHORIZING THE DEBTOR TO (I)
CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN
EXISTING BANK ACCOUNTS, AND  (B) (I) WAIVING CERTAIN
OPERATING GUIDELINES RELATING TO BANK ACCOUNTS AND
<u>(II) SCHEDULING A FINAL HEARING</u>**

Upon the motion (the "Motion")[1] filed by Collavino Construction Company Limited, the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, <u>et</u> <u>seq.</u> (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (A) authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (B) (i) waiving  certain operating guidelines relating to bank accounts and (ii) scheduling a final hearing regarding the entry of a final order regarding the relief requested in the Motion; the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. The Debtor shall be and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its prepetition practices, and to collect and disburse cash in accordance with the Cash Management System.

3. The requirements of the U.S. Trustee Guidelines that the Debtor (i) close all existing Bank Accounts and open new debtor-in-possession accounts, (ii) establish specific bank accounts for operating, payroll and tax payments, and (iii) obtain and utilize new checks which bear the designation "Debtor-in-Possession" and contain certain other information regarding the chapter 11 case are hereby waived.

4. The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

5. RBC, the bank where the Debtor holds its Bank Accounts, shall be and hereby is authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, for the payment of any and all amounts approved by this Court.

6. The Debtor shall separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

7. Notwithstanding Bankruptcy Rules 6004(h) or 7062, the terms and conditions of this order shall be immediately effective upon its entry.

8. A hearing shall be held to consider the relief granted herein on a final basis on March 31, 2015 at 10:00 a.m. before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004 (the "Final Hearing") and, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 18, 2015
      New York, New York         /S/ Shelley C. Chapman
                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE